NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TOY L. WILLIAMS,

Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

Defendant-Appellee.

No. 15-35085

D.C. No. 3:14-cv-05343-MAT

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted July 18, 2019[**]

Before: GOODWIN, FARRIS, and LEAVY, Circuit Judges.

Toy L. Williams appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Williams's application for

supplemental security income ("SSI") under Title XVI of the Social Security Act.

At step five of the sequential evaluation process, the administrative law judge

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("ALJ") determined that Williams could perform jobs that exist in significant numbers in the national economy. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The ALJ provided clear and convincing reasons for partially rejecting Williams's testimony by explaining that Williams's reported activities were inconsistent with her testimony regarding the severity of her impairments. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (ALJ may consider a claimant's inconsistent statements in rejecting the claimant's testimony); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (ALJ may consider a claimant's lack of substantial work history with respect to the claimant's credibility regarding her inability to work). The ALJ did not err in considering the lack of objective medical evidence to support Williams's assertions regarding the severity of her limitations. *See Burch*, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

The ALJ provided specific and legitimate reasons, supported by substantial evidence, for assigning little weight to the contracted opinions of examining sources Dr. Brown and Dr. Neims by stating that their opinions were based largely on Williams's non-credible self-reports and were inconsistent with the other

evaluations *See Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008) (ALJ may reject a medical opinion that is based on a claimant's self-reported information where the ALJ has found the claimant non-credible); *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005) (ALJ need not accept an opinion that is based on self-reported information that is inadequately supported by clinical findings).

The ALJ provided germane reasons, supported by substantial evidence, for partially rejecting the opinion of treating physician's assistant Rachel McElvain regarding Williams's physical impairments by stating that McElvain's opinion was inconsistent with the medical evidence. *See Molina,* 674 F.3d at 1114 (ALJ must give reasons that are germane to each witness to discount the opinions of non-medical sources).

The ALJ provided germane reasons, supported by substantial evidence, for partially rejecting the opinions of lay witnesses Debra Crane, Keith J. Hoppe, and Lisa Martin by stating that their opinions were substantially similar to Williams's own testimony, which the ALJ found non-credible. *See Valentine v. Comm'r Soc. Sec. Admin.,* 574 F.3d 685, 694 (9th Cir. 2009) (where an ALJ has properly discounted a claimant's testimony as non-credible, those reasons are germane for rejecting similar lay witness testimony).

15-35085

We do not consider any issues that Williams failed to specifically argue in her opening brief. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 553 F.3d 1155, 1161 n.2 (9th Cir. 2008) (this court will not consider issues that are not specifically and distinctly raised in the opening brief).

**AFFIRMED.**

15-35085